# In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 03-2996

JESSE SMITH,

*Petitioner-Appellant,*

v.

DEIRDRE BATTAGLIA,[*]

*Respondent-Appellee,*

_____

Appeal from the United States District Court for
the Northern District of Illinois, Eastern Division.
No. 98 C 5450—**John W. Darrah**, *Judge.*

_____

ARGUED OCTOBER 5, 2004—DECIDED JULY 13, 2005

_____

Before POSNER, KANNE, and WOOD, *Circuit Judges.*

WOOD, *Circuit Judge.* Illinois inmate Jesse Smith has been pursuing a petition for a writ of habeas corpus under 28 U.S.C. § 2254, in the belief that his trial and appellate lawyers were ineffective in several ways. The district court dismissed the petition, however, on the ground that it was

---

[*] In accordance with FED. R. APP. P. 43(c), we have substituted the current warden of Stateville Correctional Center, Deirdre Battaglia, for her predecessors in office.

not filed within the one-year period provided by 28 U.S.C. § 2244(d). This conclusion followed from a statement by the Illinois Appellate Court that Smith's state post-conviction petition "may be considered untimely." This language falls short of being a clear and express ruling on the timeliness issue. We conclude, for this reason, that his federal habeas corpus petition was filed in time and that Smith is entitled to pursue it in the district court.

# I

Smith found himself in Illinois's Stateville Correctional Center for his part in a shooting incident in February 1991. Three assailants, including Smith, fatally shot Charlotte Wilson and wounded Jerome Wilson and two onlookers. Smith and a co-defendant went to trial in a joint bench trial in August 1992. Smith was represented by Attorney Lawrence Vance. Vance began by telling the judge that the evidence would show that Smith was home on the evening in question with his female partner, who would be a witness in the case. This was the only defense Vance ever mentioned, but mysteriously, at the trial he did not call Smith's partner, Carol Brown, as an alibi witness, even though she was in the courtroom and ready to testify that Smith had been with her at all relevant times. Jerome Wilson did testify, and he identified Smith as one of the shooters. (Years later, in April 1999, Wilson recanted this testimony in a sworn affidavit, in which he averred that he "did see the person who shot Charlotte Wilson and myself on the night of February 1, 1991, and it absolutely was not Jesse Smith." Later, it seems, Wilson recanted the recantation, and so it is hard to say what story Wilson would give now.)

The court found Smith guilty of one count of first-degree murder, for which it sentenced him to an extended term of 80 years' imprisonment, and three counts of attempted first-degree murder, for which it imposed concurrent terms

of 30 years each. The judgment of conviction was entered on December 14, 1992. Smith appealed, arguing only that the evidence did not show beyond a reasonable doubt that he was guilty and that his sentence was excessive. He was unsuccessful; the state appellate court rejected his arguments, see *People v. Barnes and Smith*, No. 1-93-1190 & 1-93-1714, cons. (1994), and on October 4, 1995, the Illinois Supreme Court denied his petition for leave to appeal. He had until January 2, 1996, to file a petition for *certiorari* in the United States Supreme Court, but it appears that he did not do so.

Smith filed his *pro se* petition for state post-conviction relief, see 725 ILCS 5/122-1, on January 12, 1996, ten days after the time for seeking *certiorari* had expired. In it, he claimed, among other things, that he had been denied his Sixth Amendment right to the effective assistance of both trial and appellate counsel (different lawyers) with regard to his alibi defense. In March 1996, the state circuit court dismissed the petition. It first found that the petition was untimely under 725 ILCS 5/122-1(c). At that time, the statute read as follows:

> No proceedings under this Article shall be commenced more than 6 months after the denial of a petition for leave to appeal or the date for filing such a petition if none is filed or more than 45 days after the defendant files his or her brief in the appeal of the sentence before the Illinois Supreme Court (or more than 45 days after the deadline for the filing of the defendant's brief with the Illinois Supreme Court if no brief is filed) *or 3 years from the date of conviction, whichever is sooner*, unless the petitioner alleges facts showing that the delay was not due to his culpable negligence.

(Emphasis added.)

In Smith's case, the earliest relevant date was three years from the date of his conviction, or December 14, 1995.

Although the state post-conviction court appears to have relied on the version of 725 ILCS 5/122-1 that was in effect prior to January 1, 1996, that version required the court to choose the earliest of several dates, one of which was three years from the date of conviction.

Using the December 14, 1995, date, the court accordingly concluded that Smith's petition was filed almost a month late. Smith argued that this minor delay should be excused, because it was the result of a two-month lockdown at the penitentiary where he was housed rather than his negligence. The court was unpersuaded. It went on, however, to hold in the alternative that Smith had waived his claim of ineffective assistance of trial counsel because his appellate counsel failed to raise the point on appeal. It said nothing specific about appellate counsel's possible ineffectiveness for this oversight, but it finally examined the merits of the Sixth Amendment claims and held that neither one of Smith's lawyers had performed inadequately.

After Smith appealed the circuit court's order, his appointed counsel moved to withdraw, citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987). Smith objected, arguing that the circuit court had erred by finding that his lawyers were not ineffective. The appellate court granted counsel's motion, stating in relevant part:

> The scope of post-conviction review is limited by the doctrines of res judicata and waiver which affect all claims actually presented in the direct appeal as well as those which could have been, but were not. Defendant's assertions of ineffective assistance of trial counsel and the trial court's prejudice are foreclosed under these principles, and defendant's remaining allegations were either refuted by the record or insufficient to require further proceedings under the Act. In addition, defendant's petition may be considered untimely under the amended statute, and the shortcomings of his post-

> conviction appellate counsel do not present a basis for granting the relief sought.

*Illinois v. Smith*, No. 91 CR 1754, slip op. at 3 (Ill. App. Ct. Nov. 14, 1996) (unpublished decision) (internal citations omitted). The Supreme Court of Illinois granted Smith's motion for leave to file a late appeal, but denied the petition for leave to appeal on October 1, 1997.

On August 28, 1998, Smith filed a *pro se* petition for a writ of habeas corpus in the federal court under 28 U.S.C. § 2254, again arguing that his trial and appellate counsel provided ineffective assistance. In an order dated August 11, 1999, Judge Bucklo held that Smith had raised these claims throughout his post-conviction proceedings and appointed a lawyer to represent him. The case was then administratively transferred to Judge Darrah, who granted his request for an evidentiary hearing in August 2001. At the hearing, Carol Brown (the partner) testified that Vance, Smith's trial attorney, told her that she did not need to testify even though she was present at the trial. Vance did not testify, but the parties stipulated that he would have said that he could not remember why he did not call Brown as a witness.

After the hearing, the state moved to dismiss Smith's petition as time-barred. The district court found that Smith's state post-conviction petition was indeed not properly filed because it was late, and thus that his § 2254 petition also came too late. It dismissed the petition in an order dated September 28, 2002. The court later granted Smith's request for a certificate of appealability, which included the antecedent procedural question whether the state post-conviction proceeding was untimely and the constitutional question whether Smith received effective assistance of trial and appellate counsel. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**II**

As we have noted already, a state prisoner who seeks federal habeas corpus relief from a criminal conviction has in the first instance one year from the date when the conviction became final to file his petition. 28 U.S.C. § 2244(d)(1)(A). Smith's conviction became final on January 2, 1996, which was the time when his opportunity to file a petition for certiorari from the Illinois Supreme Court's decision denying leave to appeal expired. If Smith had never filed any post-conviction proceeding, his time for filing a § 2254 petition would have expired on April 24, 1997, one year after the effective date of the amendments to the habeas corpus statute made by the Anti-terrorism and Effective Death Penalty Act that added the one-year statute of limitations. See *Newell v. Hanks*, 283 F.3d 827, 833 (7th Cir. 2002). Obviously, Smith's federal petition was filed long after 1997. This means that he is out of luck unless his state post-conviction proceeding tolled the time available to him for filing.

Smith filed his *pro se* post-conviction proceeding soon after the end of his direct appeal proceedings, on January 12, 1996. The Illinois Supreme Court did not dispose of the petition until October 1, 1997, about ten months before Smith filed his federal action. Everything therefore turns on the question whether Smith's post-conviction petition was "properly filed" as § 2244(d)(2) uses that term: if so, then his § 2254 petition was timely and he is entitled to go forward with it; if not, then the district court correctly dismissed it. See *Pace v. DiGuglielmo*, 125 S. Ct. 1807 (2005); *Newell*, 283 F.3d at 832.

The answer to this question lies in what the Illinois Appellate Court meant in the paragraph we quoted earlier. That court was the last state court to rule on Smith's petition, and so its reasoning is critical. See *Ylst v. Nunnemaker*, 501 U.S. 797 (1991); *Brooks v. Walls*, 279 F.3d

518, 521 (7th Cir. 2002). If the appellate court's decision rested on at least two separate grounds for rejecting Smith's post-conviction petition—untimeliness and lack of substantive merit—then Smith cannot prevail. This is because the untimeliness ground alone would constitute an adequate and independent state procedural reason for rejecting his claim, and Smith cannot show cause and prejudice to excuse his procedural default. See *Brooks*, 279 F.3d at 521 (citing *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989)). We note in this connection that, although ineffective assistance of counsel is often a legitimate way to overcome procedural default, it does not apply here, because Smith's problem arose in his post-conviction proceeding, at a stage when he had no Sixth Amendment right to counsel.

In our view, the appellate court's decision falls short of the clear and express reliance on a state procedural bar that we have called for in the past. See, *e.g.*, *Jefferson v. Welborn*, 222 F.3d 286, 288 (7th Cir. 2000). First, as one can see, the court structured its comments so that it addressed the merits of Smith's claims first and only at the end, added its ambiguous comment about timeliness. Its order of treatment would not have mattered had it made a clear alternative ruling, but that is not what it did. Second, we have no way of knowing what the court meant when it said that "defendant's petition *may* be considered untimely." Perhaps it did mean to convey an alternative ruling against Smith based on the state procedural rule. But it is equally possible that it was saying that this was a mere possibility, not a certainty, given the statutory exception for delay that is not the result of culpable negligence. Had the appellate court directed its full attention to the culpable negligence issue, we assume that it would have considered the question whether the lockdown (an event outside Smith's control as far as we can tell) was enough to excuse Smith's delay.

We recognize that *Pace* holds that a state post-conviction petition that has been rejected by the state court as un-

timely is not "properly filed" for purposes of § 2244(d)(2). 125 S. Ct. at 1812. Such a petition cannot serve to toll the one-year period for filing a federal petition for habeas corpus. But *Pace* does not change the rule that requires the state court ruling to be a clear one. Here we do not have an unambiguous holding from the last state court to address the matter—the Illinois Appellate Court at the post-conviction stage—to the effect that Smith's state post-conviction petition was late. The court's treatment of the merits of his claim is enough to make it "properly filed" for purposes of the tolling rules of 28 U.S.C. § 2244(d)(2). See *Brooks*, *supra*, 279 F.3d at 521.

With the benefit of tolling during the pendency of his state post-conviction proceeding, Smith's federal habeas corpus petition was filed within the time permitted. On remand, Smith will have further problems to face. The state argues that he faces a different procedural bar with respect to his claim of ineffectiveness of trial counsel, because the appellate court found that he had waived that argument on direct appeal. It is possible, however, that Smith may be able to overcome this procedural default, because he has also consistently argued that his appellate counsel was ineffective for failing to raise the ineffectiveness of trial counsel. If appellate counsel was ineffective in this way, it may provide cause for Smith's failure to attack his trial counsel's performance on direct appeal. See *Lee v. Davis*, 328 F.3d 896, 900-01 (7th Cir. 2003). The appellate court said nothing one way or the other about these points, which will need to be explored further on remand.

The judgment of the district court is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.

A true Copy:

     Teste:

                     _____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*