981 So.2d 1236 (2008)
Dennis T. HUTTO, Appellant,
v.
STATE of Florida, Appellee.
No. 1D08-0113.
District Court of Appeal of Florida, First District.
May 15, 2008.
*1237 Dennis T. Hutto, pro se, Appellant.
Bill McCollum, Attorney General, and Anne C. Conley, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant seeks review of the trial court's summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Because the trial court improperly denied the motion as successive, we reverse.
Appellant claims that he is entitled to postconviction relief because his prior convictions for driving under the influence were uncounseled and thus improperly used to enhance the present DUI charge. He makes four claims based on the uncounseled convictions, essentially that the trial court erred in convicting him of felony DUI, that his sentence is illegal because the elements of the crime were not sufficiently proven, and that his counsel was ineffective for failing to investigate his case and determine that his previous DUI convictions were uncounseled and thus improperly used to enhance the instant DUI conviction. To the extent that the appellant makes claims of trial court error, those claims are not cognizable in a motion for postconviction relief. See Hodges v. State, 885 So.2d 338, 366 (Fla. 2004) (holding that claims of trial court error should be raised on direct appeal, *1238 not in a rule 3.850 motion). However, appellant's claim that his counsel was ineffective in failing to investigate and determine that his prior DUI convictions were uncounseled and thus improperly used to enhance his current DUI conviction is cognizable in a rule 3.850 motion. See Davis v. State, 710 So.2d 116 (Fla. 2d DCA 1998) (holding that defense counsel has an obligation to ask a defendant whether his prior DUI convictions were counseled).
The trial court denied appellant's motion as successive based on a denial of a previous rule 3.850 motion. However, successive motions for postconviction relief are procedurally barred only when a prior motion for postconviction relief was adjudicated on the merits and not when the previous motion was summarily denied or dismissed for legal or procedural insufficiency. See Freeman v. State, 589 So.2d 368 (Fla. 1st DCA 1991) (stating that a second rule 3.850 motion is not successive when the prior motion was not addressed on the merits). Because appellant's initial motion was not addressed on the merits the instant motion was improperly denied as successive.
We therefore reverse the trial court's summary denial of appellant's motion for postconviction relief and remand for an evidentiary hearing or for record attachments conclusively refuting appellant's claim of ineffective assistance of counsel.
AFFIRMED, in part, REVERSED, in part, AND REMANDED.
BARFIELD, WEBSTER, and LEWIS, JJ., concur.