[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 20, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11003

_____

D. C. Docket No. 06-00136 CV-SPM

OLEN CLAY GORBY,

                                    Petitioner-Appellant,

      versus

WALTER A. MCNEIL,
Secretary Department of
Corrections of Florida,

                                      Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(June 20, 2008)**

Before EDMONDSON, Chief Judge, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Olen Clay Gorby ("Petitioner") appeals the district court's decision to dismiss as untimely his petition filed under 28 U.S.C. § 2254. The district court determined that Petitioner's second successive motion for post-conviction relief in state court did not toll the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). We agree and therefore affirm the district court's dismissal of Petitioner's section 2254 petition.

I. Background

Petitioner was sentenced to death after his conviction in Florida for first-degree murder, grand theft auto, burglary with battery, and robbery. The Florida Supreme Court affirmed Petitioner's conviction and sentence on direct appeal. Gorby v. State, 630 So. 2d 544 (Fla. 1993). The U.S. Supreme Court denied certiorari; and Petitioner's conviction became final in October 1994. See Gorby v. Florida, 115 S. Ct. 99 (1994).

Petitioner then filed an original motion for post-conviction relief in state court, which he later amended. The state trial court denied relief; and Petitioner appealed. Petitioner also filed a state petition for writ of habeas corpus. The Florida Supreme Court affirmed the trial court's decision denying Petitioner's

2

original motion for post-conviction relief; at the same time, the state supreme court denied Petitioner's state habeas petition. Gorby v. State, 819 So. 2d 664 (Fla. 2002).

No one disputes that AEDPA's one-year statute of limitations began to run on 11 July 2002.[1] On 24 March 2003, Petitioner filed his first successive motion for post-conviction relief in state court, alleging that Florida's capital sentencing scheme was unconstitutional under Ring v. Arizona, 122 S. Ct. 2428 (2002). The state trial court denied Petitioner's Ring claim; and the Florida Supreme Court affirmed. Gorby v. State, 880 So. 2d 1210 (Fla. 2004). Because the Florida Supreme Court denied Petitioner's motion for rehearing on 23 July 2004, AEDPA's limitations period began to run again on 24 July.

The limitations period was due to expire on 12 November 2004;[2] but on 26 October, Petitioner filed a second successive motion for post-conviction relief in state court based on Crawford v. Washington, 124 S. Ct. 1354 (2004). Petitioner

_____

[1] Petitioner's conviction and sentence became final before AEDPA's effective date, which was 24 April 1996. As a result, the limitations period did not begin to run until AEDPA took effect. See Carey v. Saffold, 122 S. Ct. 2134, 2137 (2002). Because Petitioner's original motion for post-conviction relief was pending in state court when AEDPA became effective, the limitations period was tolled until the Florida Supreme Court denied relief and issued its mandate on 10 July 2002.

[2] The last day for Petitioner to file his section 2254 petition fell on 11 November 2004; but because 11 November was a federal holiday, the limitations period expired on 12 November.

3

claimed that, during the sentencing phase of his trial, the trial judge violated his Sixth Amendment right to confrontation by allowing a Bay County, Florida sheriff's deputy to testify about a prior violent felony conviction in Texas.

The state trial court denied Petitioner's second successive motion as untimely. Because Petitioner filed his motion more than ten years after his conviction became final and because neither the U.S. Supreme Court nor the Florida Supreme Court had determined that Crawford applied retroactively, the state court concluded that Petitioner's motion did not fall within a recognized exception to the one-year limitations period under Florida Rule of Criminal Procedure 3.851(d).[3] The Florida Supreme Court affirmed, citing Chandler v. Crosby, 916 So. 2d 728 (Fla. 2005), for the proposition that Crawford should not be applied retroactively. Gorby v. State, No. SC05-246, 2006 Fla. LEXIS 894 (Fla. 2006). Its decision became final on 20 June 2006.

Petitioner then filed his federal petition for section 2254 relief, which the district court dismissed as untimely. Because the state trial court (as affirmed by the Florida Supreme Court) denied Petitioner's second successive motion as time-

---

[3]Rule 3.851(d)(1) states, "Any motion to vacate judgment of conviction and sentence of death shall be filed by the prisoner within 1 year after the judgment and sentence become final." Rule 3.851(d)(2)(B) provides an exception to this one-year limitations period where "the fundamental constitutional right asserted was not established within the period provided for in subdivision (d)(1) and has been held to apply retroactively."

4

barred under state law, the district court concluded that the motion was not "properly filed" for purposes of tolling AEDPA's one-year statute of limitations and that, as a result, Petitioner's federal petition was untimely. We granted Petitioner's application for a certificate of appealability.

## II. Discussion

This case turns on whether Petitioner's <u>second</u> successive motion for state post-conviction relief was "properly filed," thus tolling AEDPA's one-year statute of limitations. If the motion was properly filed, then Petitioner's section 2254 petition was timely. If the motion was not properly filed, then his petition was untimely and should be dismissed. A district court's decision to dismiss a section 2254 petition as time-barred is reviewed <u>de novo</u>. <u>Day v. Crosby</u>, 391 F.3d 1192, 1193 (11th Cir. 2004), <u>aff'd</u> <u>sub nom.</u> <u>Day v. McDonough</u>, 126 S. Ct. 1675 (2006).

AEDPA provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). AEDPA's tolling provision says, however, that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or

claim is pending shall not be counted toward any period of limitation." Id. §
2244(d)(2).  A state application is "properly filed" when "'its delivery and
acceptance are in compliance with the applicable laws and rules governing
filings,'" which typically include "'the form of the document, the time limits upon
its delivery, the court and office in which it must be lodged, and the requisite filing
fee.'"  Sweet v. Sec'y, Dept. of Corr., 467 F.3d 1311, 1315 (11th Cir. 2006)
(quoting Artuz v. Bennett, 121 S. Ct. 361, 364 (2000)).  An application that is
untimely under state law is not "properly filed" for purposes of tolling AEDPA's
limitations period.  Id. at 1316.

Petitioner says that the Florida Supreme Court affirmed the state trial court
on the merits, not on grounds that Petitioner's second successive motion was
untimely.  Petitioner relies mainly on language in the Florida Supreme Court's
opinion affirming the trial court "based on our decision in Chandler."  In
Chandler, the Florida Supreme Court determined that the constitutional right
announced in Crawford v. Washington, 124 S. Ct. 1354 (2004) — the right upon
which Petitioner based his second successive motion for state post-conviction
relief — should not be applied retroactively.  Chandler, 916 So. 2d at 729.
Because the Florida Supreme Court did not state explicitly that Petitioner's motion
was time-barred under Florida law and because it relied instead on a prior decision

6

about the retroactive effect of Crawford, Petitioner argues that the Florida

Supreme Court must have decided his claim on the merits.

Petitioner cites the plain-statement rule set forth in Parker v. Sec'y for the

Dept. of Corr., 331 F.3d 764 (11th Cir. 2003): "'[A] procedural default does not

bar consideration of a federal claim on either direct or habeas review unless the

last state court rendering a judgment in the case clearly and expressly states that its

judgment rests on a state procedural bar.'" Id. at 771 (quoting Harris v. Reed, 109

S. Ct. 1038, 1043 (1989)).  Petitioner suggests that the plain-statement rule for

procedural default should apply to AEDPA's "properly filed" requirement as well.

Because the Florida Supreme Court — here, the last state court to render judgment

— did not say that his motion was untimely, Petitioner claims that the state

supreme court must have reached the merits and that, as a result, his motion was

properly filed.

That procedural default is distinct from the "properly filed" requirement for

tolling AEDPA's statute of limitations is clear.  See Artuz, 121 S. Ct. at 364

("[T]he question whether an application has been 'properly filed' is quite separate

from the question whether the claims contained in the application are meritorious

and free of procedural bar." (emphasis in original)).  Petitioner offers no

explanation why the plain-statement rule for procedural default should be

extended to AEDPA's "properly filed" requirement. We see no reason to extend the rule here.

Strictly speaking, Petitioner does not dispute that his motion actually was untimely under Florida's Rule 3.851(d). Instead, he suggests that the Florida Supreme Court's purported consideration of the "merits" of his claim made his motion timely and thus properly filed under AEDPA's tolling provision. For background, see Smith v. Battaglia, 415 F.3d 649, 653 (7th Cir. 2005) ("The court's treatment of the merits of his claim is enough to make it 'properly filed' for purposes of the tolling rules of 28 U.S.C. § 2244(d)(2).").

Even if we were to accept that the Florida Supreme Court reached the "merits," consideration of the merits cannot alone convert a motion for post-conviction relief that no one disputes is time-barred under state law into a properly filed motion for tolling purposes under AEDPA. Cf. Evans v. Chavis, 126 S. Ct. 846, 852 (2006) (noting that a state supreme court order "denying a petition 'on the merits' does not automatically indicate that the petition was timely filed" and that instead "the federal court must decide whether the filing" was timely under state law); Sweet, 467 F.3d at 1318 ("[W]hen a state court unambiguously rules that a post-conviction petition is untimely under state law, we must respect that ruling and conclude that the petition was not 'properly filed' for the purposes of §

2244(d)(2), regardless of whether the state court also reached the merits of one of the claims."); Carey v. Saffold, 122 S. Ct. 2134, 2141 (2002) (stating that when a state court determines that a motion is untimely, "that [is] the end of the matter, regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was 'entangled' with the merits").

We are applying a federal statute and are guided by congressional intent. We will not allow the tolling of AEDPA's limitations period when it is clear that the petitioner failed to seek timely review in state court. Cf. Carey, 122 S. Ct. at 2141 (observing that the "willingness to take [the words 'on the merits'] as an absolute bellwether [for timeliness] risks the tolling of the federal limitations period even when it is highly likely that the prisoner failed to seek timely review in the state appellate courts"). To do otherwise would "undermine the statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." Id.

Given the decisions of both the Florida Supreme Court and the state trial court, we are satisfied that Petitioner's second successive motion was untimely under Florida law. Accordingly, his motion was not "properly filed" for purposes of AEDPA's tolling provision; and, as a result, his section 2254 petition is time-barred. See Pace v. DiGuglielmo, 125 S. Ct. 1807, 1812 (2005) ("When a

postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." (quoting <u>Carey</u>, 122 S. Ct. at 2141) (alteration in original)).[4]

## III. Conclusion

Here, the state trial court concluded that Petitioner's second successive motion for post-conviction relief was not timely filed under Florida law. Neither party disputes that Petitioner's motion actually was untimely; nor did the Florida Supreme Court question the state trial court's ruling that Petitioner's motion was untimely. We conclude, therefore, that Petitioner's motion was not properly filed under Florida law and that his section 2254 petition is time-barred under AEDPA.

AFFIRMED.

---

[4]In a footnote at the conclusion of Petitioner's initial brief, Petitioner raises an equal protection and due process argument. No certificate of appealability was granted on this issue. <u>See</u> <u>Murray v. United States</u>, 145 F.3d 1249, 1251 (11th Cir. 1998).