PER CURIAM.
Meldon Rich appeals the denial of a petition styled “Emergency Petition for Writ of Habeas Corpus.” We affirm.
Rich is serving two concurrent terms of life imprisonment following his conviction for first degree felony murder and sexual battery with physical force. His conviction and sentence were affirmed by this court. Rich v. State, 791 So.2d 465 (Fla. 1st DCA 2001).
Rich filed an emergency petition for a writ of habeas corpus in the circuit court of Escambia County on September 22, 2008.[1] A petition for a writ of habeas corpus generally may not be used to collaterally attack a conviction or sentence. Instead, a collateral challenge to a judgment of conviction and sentence must be raised in a motion filed under rule 3.850, Florida Rules of Criminal Procedure, and not in a petition for a writ of habeas corpus. See Baker v. State, 878 So.2d 1236 (Fla.2004). Rich has already sought relief pursuant to rule 3.850, and the merits of this petition were considered by a circuit court. Thus, even if the habeas petition were treated as a motion under rule 3.850, it would be impermissible as successive, Hutto v. State, 981 So.2d 1236 (Fla. 1st DCA 2008), and as untimely, since Rich’s convictions for murder and sexual battery became final in 2001. Rule 3.850(b) (imposing a two-year window of time to file a motion for post-conviction relief in a non-capital case).
Rich claims in his petition that he was convicted of a non-existent crime, and hence, fundamental error occurred. More particularly, Rich claims that because the prosecution argued that Rich strangled the victim to death and then sexually battered her, the prosecution did not prove sexual battery. Sexual battery cannot be committed on a deceased person. Jones v. State, 569 So.2d 1234 (Fla. 1990); Owen v. State, 560 So.2d 207 (Fla. 1990), vacated on other grounds, State v. Owen, 696 So.2d 715 (Fla.1997). The cir *844 cuit court, in denying habeas relief, held that ample evidence was presented below which would allow the jury to find that the sexual battery commenced while the victim was alive. Indeed, Rich claimed at trial that the sexual encounter was consensual. The issue of whether the victim was dead or alive at the time of sexual union is an issue of fact to be determined by the jury. Davis v. State, 70S So.2d 1055 (Fla.1997). We find no error in the circuit court’s ruling or reasoning.
AFFIRMED.
WOLF, KAHN, and VAN NORTWICK, JJ., concur.

. Rich's emergency petition reflects that at the time of its filing Rich was in custody in Hamilton County. A petition for habeas corpus should be filed in the circuit where the movant is located. See Heard v. Fla. Parole Comm’n, 811 So.2d 808 (Fla. 1st DCA 2002). Rich's petition should have been dismissed below because it was filed in a circuit which did not have jurisdiction over him.