PER CURIAM.
The appellant argues that the trial court erred in summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We agree and reverse and remand for an evi-dentiary hearing or for record attachments conclusively refuting the appellant’s claims of ineffective assistance of counsel. The appellant’s claim that his counsel was ineffective for failing to investigate and determine that his prior DUI convictions were uncounseled and thus improperly used to enhance his current DUI conviction is cognizable in a rule 3.850 motion. See Hutto v. State, 981 So.2d 1236 (Fla. 1st DCA 2008). His claim that his counsel was ineffective for failing to explain the critical elements of the charged crime is similarly cognizable in a rule 3.850 motion. See Pitts v. State, 855 So.2d 681 (Fla. 1st DCA 2003).
REVERSED and REMANDED.
HAWKES, THOMAS, and ROBERTS, JJ., concur.