[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10441
Non-Argument Calendar
_____

D.C. Docket No. 3:10-cv-00517-MCR-MD


MELDON RICH,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(March 15, 2013)

Before HULL, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Meldon Rich, a Florida prisoner proceeding *pro se*, appeals the dismissal of his 28 U.S.C. § 2254 federal habeas petition as time-barred under the Antiterrorism and Effective Death Penalty Act (AEDPA).  We granted Rich's motion for a certificate of appealability (COA) as to the following issue:  Whether the district court erred in finding that Rich's 28 U.S.C. § 2254 habeas corpus petition was time-barred based on its finding that Rich's September 18, 2008, emergency petition for habeas corpus was not properly filed and did not toll the one-year time limitation for filing a habeas corpus petition.[1]

We review a district court's dismissal of a state prisoner's § 2254 petition as time-barred *de novo*.  *Gorby v. McNeil*, 530 F.3d 1363, 1366 (11th Cir. 2008).  We review the district court's factual findings for clear error and "must affirm the court's factual findings unless the record lacks substantial evidence to support the court's determinations."  *Clark v. Crosby*, 335 F.3d 1303, 1307 (11th Cir. 2003) (quotations omitted).

The AEDPA provides for a one-year statute of limitations for state prisoners wishing to file a federal habeas petition.  28 U.S.C. § 2244(d)(1).  The limitation period begins to run from the last of four different triggering events, the relevant

---

[1] The parties do not dispute that the issue of whether Rich's § 2254 petition was timely turns on whether his September 2008 petition was "properly filed" so as to toll the AEDPA's one-year statute of limitations.

2

one in this case being "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A).  The statute also provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  *Id.* § 2244(d)(2).

In *Artuz v. Bennett*, the Supreme Court stated that "an application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." 531 U.S. 4, 8 (2000) (emphasis in original).  The *Artuz* Court explained that the laws and rules governing filings "usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id*

"Under Florida law, an individual convicted of a noncapital crime must, with limited exceptions, file a collateral post-conviction challenge to his conviction and sentence via a Rule 3.850 motion rather than a habeas corpus petition." *Thompson v. Sec'y, Dep't of Corrs.*, 595 F.3d 1233, 1236-37; Fla. R. Crim. P. 3.850(*l*).  Rule 3.850(b) establishes a two-year statute of limitations with certain exceptions.  Fla. R. Crim. P. 3.850(b).

Florida's First District Court of Appeal rejected Rich's habeas petition, stating:

> Rich filed an emergency petition for a writ of habeas corpus in the circuit court of Escambia County on September 22, 2008. A petition for a writ of habeas corpus generally may not be used to collaterally attack a conviction or sentence. Instead, a collateral challenge to a judgment of conviction and sentence must be raised in a motion filed under rule 3.850, Florida Rules of Criminal Procedure, and not in a petition for a writ of habeas corpus. *See Baker v. State*, 878 So. 2d 1236 (Fla. 2004). Rich has already sought relief pursuant to rule 3.850, and the merits of this petition were considered by a circuit court. Thus, even if the habeas petition were treated as a motion under rule 3.850, it would be impermissible as successive, *Hutto v. State*, 981 So. 2d 1236 (Fla. 1st DCA 2008), and as untimely, since Rich's convictions for murder and sexual battery became final in 2001. Rule 3.850(b) (imposing a two-year window of time to file a motion for post-conviction relief in a non-capital case).

*Rich v. State*, Case No. 1D08-5976 at 2 (Fla. 1st DCA Sept. 10, 2009) (footnote omitted).

The district court did not err in determining that Rich's 2008 petition was not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2). The Florida First District Court of Appeal first concluded that although Rich styled his motion as an "Emergency Petition for Writ of Habeas Corpus," it was a collateral challenge to a judgment of conviction which must be raised in a Florida Rule of Criminal Procedure 3.850 motion. The First District Court of Appeal then determined that even if his petition were construed as a Rule 3.850 motion, it was

4

successive and untimely.  Although Rich argues that the claim raised in his petition qualified for an exception to Florida's time requirements under Rule 3.850, "[w]hen a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." *Pace v. DeGuglielmo*, 544 U.S. 408, 414 (2005).  Thus, Rich's September 2008 petition did not toll the one-year statute of limitations under 28 U.S.C. § 2244(d)(1) and the district court did not err in dismissing the § 2254 petition as time-barred.

**AFFIRMED.**