PER CURIAM.
Kenneth Greene appeals the summary denial of his motion under Florida Rule of Criminal Procedure 3.850. Greene was tried and convicted of attempted first-degree murder with a weapon. After his conviction was affirmed on appeal, Greene sought post-conviction relief several times without success. His current motion alleges newly discovered evidence. Because the record before this Court does not conclusively show that Greene is not entitled to relief, we reverse.
The instant motion claims newly discovered evidence in the form of testimony from an alleged witness, Dollie Daw-kins, who claims that she was involved in the crime for which Greene was convicted, and that Greene is innocent. Greene alleges he was previously unaware of this witness and only received the affidavit recently, sixteen years after his conviction. Because Greene failed to attach the affidavit to his initial motion, however, the trial court struck the motion with leave to amend.
After a second unsuccessful attempt, Greene filed a third motion that included Dawkins’s affidavit. The affidavit claims that the murder victim raped Dawkins, and that Dawkins then hired someone to help her “hurt” the victim. The affidavit concludes, “Kenny G. is not guilty of anything I [illegible] and inform you that I will testify in court to these fears.” The trial court denied relief because it believed the third motion was improperly successive.
A motion may be dismissed as improperly successive if it fails to allege new dr different grounds for relief, and the prior determination of insufficiency was made on the merits of the claim. Fla. R.Crim. P. 3.850(h)(2). While attaching an affidavit is a prerequisite for a Rule 3.850 claim based on a newly discovered witness, Fla. R.Crim. P. 3.850(c), dismissal or denial of a motion for failure to attach an affidavit is not an adjudication on the merits. See Hutto v. State, 981 So.2d 1236, 1238 (Fla. 1st DCA 2008) (“[Successive motions for postconviction relief are procedurally barred only when a prior motion for postconviction relief was adjudicated on *104 the merits and not when the previous motion was summarily denied or dismissed for legal or procedural insufficiency.”). Unless the alleged basis for relief has been adjudicated on its merits, the court must either hold an evidentiary hearing or attach, in support of the denial, portions of the record conclusively showing that the defendant is not entitled to relief. Tompkins v. State, 872 So.2d 230, 238 (Fla.2003).
The dismissal of Greene’s earlier claim of newly discovered evidence was based on pleading deficiencies. His motion proffering the witness’s proposed testimony has never been disposed of on its merits. Therefore, the trial court erred in determining that the motion was successive. We express no opinion on the merits of Greene’s claim.
REVERSED and REMANDED.
PALMER, ORFINGER and COHEN, JJ., concur.