IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CHRISTINE LYNN HIPPLER,

      Appellant,

 v.                                      Case No.  5D16-2501

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed December 16, 2016

3.850 Appeal from the Circuit Court
for Brevard County,
Charles J. Roberts, Judge.

Christine Lynn Hippler, Ocala, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Lori N. Hagan, Assistant
Attorney General, Daytona Beach, for
Appellee.


PER CURIAM.

      Christine Lynn Hippler appeals the summary denial of a motion for postconviction

relief under Florida Rule of Criminal Procedure 3.850.  The trial court denied relief,

concluding the motion was improperly successive.  Because the record before this Court

does not conclusively show that Hippler is not entitled to relief, we reverse.

A motion for postconviction relief may be denied as improperly successive if the prior determination of insufficiency was made on the merits of the claim. Fla. R. Crim. P. 3.850(h)(2). "[S]uccessive motions for postconviction relief are procedurally barred only when a prior motion for postconviction relief was adjudicated on the merits and not when the previous motion was summarily denied or dismissed for legal or procedural insufficiency." Hutto v. State, 981 So. 2d 1236, 1238 (Fla. 1st DCA 2008). Unless the alleged basis for relief has been adjudicated on its merits, the court must either hold an evidentiary hearing or attach, in support of the denial, portions of the record conclusively showing that the defendant is not entitled to relief. Tompkins v. State, 872 So. 2d 230, 238 (Fla. 2003).

From the limited record before us, Hippler's previous rule 3.850 motion(s) were dismissed as vague and too lengthy. Since the denial of Hippler's earlier motions were for pleading deficiencies, the trial court erred in determining that the current motion was successive. See Greene v. State, 200 So. 3d 102, 103-04 (Fla. 5th DCA 2015). We express no opinion on the merits of Hippler's claim.

REVERSED and REMANDED.

LAWSON, C.J., ORFINGER and BERGER, JJ., concur.