[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-11021

Non-Argument Calendar

_____

JIMMY GEATHERS, III,

Petitioner-Appellant,

*versus*

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:21-cv-00480-PGB-EJK

_____

Before NEWSOM, GRANT, and ABUDU, Circuit Judges.

PER CURIAM:

Jimmy Geathers, III, a Florida prisoner serving a life sentence for first-degree murder, appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition as untimely. After careful review, we conclude the district court erred in failing to consider the tolling effect of Geathers' Fla. R. App. P. 9.141(d) petition. Thus, we vacate and remand for further proceedings.[1]

Geathers filed this *pro se* § 2254 petition for habeas corpus on March 11, 2021, and he filed an amended petition on April 29, 2021. The state responded to Geathers' § 2254 petition by arguing it was filed 390 days after the judgment in his case became final, making it untimely under 28 U.S.C. § 2244(d)(1)(A) (providing a one-year limitations period for § 2254 petitions). It conceded that Geathers had tolled the one-year period on January 28, 2015—247 days after his sentence became final—by filing a Fla. R. Crim. P. 3.850 motion. That period remained tolled, the state contended, until October 19, 2020, when the mandate was issued on appeal of the denial of that motion. According to the state, the period expired 118 days later on February 15, 2021.

The state noted that Geathers filed another state post-conviction petition, under Fla. R. App. P. 9.141(d), on December 15, 2020, but it argued that the Rule 9.141(d) petition did not toll § 2244(d)'s time period because it was untimely, under Fla. R. App.

---

[1] We write only for the parties and omit a lengthy discussion of the facts.

P. 9.141(d)(5).  It conceded, however, that if the Rule 9.141(d) motion were deemed timely filed, Geathers' § 2254 petition would be timely as well.  If that were correct, the state argued, in the alternative, Geathers' amended § 2254 petition—filed April 29, 2021—was untimely in any event because it added new claims that did not relate back to the original petition.[2]  Geathers, now proceeding through counsel, disagreed, primarily arguing that equitable tolling applied even if his petition and amended petition were untimely because circumstances, such as the COVID-19 pandemic, prevented him from timely filing.

The district court dismissed Geathers' § 2254 petition with prejudice, finding it untimely.  The court concluded—consistent with the state's position—that Geathers' limitation period began to run on May 26, 2014, when his conviction became final, and then was tolled when he filed his Rule 3.850 motion on January 26, 2015. It also concluded that the period remained tolled until October 19, 2020, when the mandate issued on appeal from the denial of the Rule 3.850 motion.  Thus, it reasoned, Geathers had until February 16, 2021, to file a § 2254 petition.  Given that the initial § 2254 was filed on March 11, 2021, the court found that the § 2254 petition was untimely, and that equitable tolling was not warranted.  While it noted that Geathers had filed a Rule 9.141(d) petition in discussing the procedural history of the case and reported that the Rule

---

[2] The district court did not ultimately address the state's relation-back argument, nor did it address the state's arguments about the merits of Geathers' petition.  We express no opinion here on those issues.

9.141(d) petition was dismissed as untimely, the court did not refer to that petition in its timeliness analysis nor explain whether the Rule 9.141(d) petition was timely filed under Florida law. Geathers appealed.

A single judge of this Court granted Geathers a certificate of appealability on whether the district court erred in determining that Geathers' § 2254 petition was untimely without considering whether his Rule 9.141(d) petition tolled the limitations period.[3]

When we review the denial of a § 2254 habeas corpus petition, we review questions of law *de novo* and findings of fact for clear error. *Grossman v. McDonough*, 466 F.3d 1325, 1335 (11th Cir. 2006). A petitioner must file a federal habeas petition within one year from, relevant here, the date that his conviction became final. 28 U.S.C. § 2244(d)(1)(A). "The time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" that one-year limitation. *Id.* § 2244(d)(2) (emphasis added). A state post-conviction petition does not have to be meritorious and free of procedural bar to be considered "properly filed" and toll the limitations period. *See Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000). "In other words, even though an application may not succeed in obtaining the desired relief, it may still be considered 'properly filed' so long as it satisfies the statutory filing conditions."

---

[3] The order granting a certificate of appealability also noted that Geathers' § 2254 petition stated at least one valid claim of the denial of a constitutional right. *See Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (*en banc*).

*Thompson v. Sec'y, Dep't of Corr.*, 595 F.3d 1233, 1236 (11th Cir. 2010). However, time limits on post-conviction petitions are conditions which must be satisfied for a petition to be considered "properly filed" under § 2244(d)(2). *See Pace v. Diguglielmo*, 544 U.S. 408, 414-17 (2005); *Allen v. Siebert*, 552 U.S. 3, 6 (2007). Thus, "an untimely application was not, and could not ever have been considered properly filed." *Hernandez-Alberto v. Sec'y, Fla. Dep't of Corr.*, 840 F.3d 1360, 1366 (11th Cir. 2016).

Sometimes a state court might reject a post-conviction filing as untimely and sometimes it might reject it on the merits. *See Gorby v. McNeil*, 530 F.3d 1363, 1367-68 (11th Cir. 2008). In any event, "[w]e will not allow the tolling of [the] limitations period when it is clear that the petitioner failed to seek timely review in state court." *Id.* at 1368. Accordingly, if a state court does not expressly rule on the timeliness of a post-conviction motion, then "the *federal* court must decide whether the filing was timely under state law." *Jones v. Sec'y, Fla. Dep't of Corr.*, 906 F.3d 1339, 1348 (11th Cir. 2018) (emphasis in original) (quoting *Gorby*, 580 F.3d at 1367); *Evans v. Chavis*, 546 U.S. 189, 198 (2006) (same).

These principles are sufficient to resolve this appeal. Contrary to the district court's statement, the state court order dismissing Geathers' Rule 9.141(d) petition did not explain why it did so. In fact, responding to Geathers' Rule 9.141(d) petition, the state presented several bases for dismissal, only one of which was based on timeliness. Given the state court's lack of explanation, a *federal* court must determine whether the Rule 9.141(d) petition was

6                          Opinion of the Court                    23-11021

timely as a matter of state law.  *See Jones*, 906 F.3d at 1348; *Gorby*, 50 F.3d at 1367; *Evans*, 546 U.S. at 198.  Nonetheless, the district court's order here did not answer whether Geathers' Rule 9.141(d) petition was timely under Florida law, nor are we sure it considered the Rule 9.141(d) petition at all in determining that Geathers' § 2254 petition was untimely.  We decline to do so in the first instance on appeal.  *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed on below."); *see also Guevara v. Lafise Corp.*, 127 F.4th 824, 832 (11th Cir. 2025) (vacating for further proceedings where "the district court failed to provide a sufficient explanation to support its ruling . . . and we therefore cannot evaluate whether the district court erred in reaching [its] legal conclusion").

Moreover, at least one of the claims in Geathers' Rule 9.141(d) petition appears *not* to have been dismissed as untimely and was more likely dismissed for another reason.  Specifically, the state did not argue the first claim presented in Geathers' Rule 9.141(d) petition was untimely; it argued that his first claim was not cognizable.  That is for good reason: the time limits for Rule 9.141(d) petitions apply to petitions "alleging ineffective assistance of appellate counsel on direct review."  Fla. R. App. P. 9.141(d)(5).  The first claim in Geathers' Rule 9.141(d) petition alleged that he received ineffective assistance of appellate counsel in his *postconviction* proceedings, not on direct review.  It is therefore likely that the state court dismissed Geathers' petition in part because his claim of ineffective assistance of postconviction counsel was not cognizable

in Florida, not because that claim was untimely under Rule 9.141(d). *See Kokal v. State*, 901 So. 2d 766, 777 (Fla. 2005).

If the first claim of the Rule 9.141(d) petition, apparently dismissed as non-cognizable, is considered "properly filed" under § 2244(d)(2), the Rule 9.141(d) petition would have tolled § 2244(d)(1)(A)'s one-year time limit. *See Pace*, 544 U.S. at 417; *Artuz*, 531 U.S. at 8-9; *Thompson*, 595 F.3d at 1236. Because we vacate and remand for further proceedings and for a determination on the threshold question of whether the Rule 9.141(d) petition was timely under Florida law in the first place, we leave this issue—*i.e.*, whether the first claim in that petition was timely—to the district court as well. *See Singleton*, 428 U.S. at 120. On remand, the court may address this issue, and any other issues it finds appropriate, in the first instance.

**VACATED AND REMANDED.**